An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN KAY POWELL GUNDERSON,
Appellant,
vs.
JAMIE RAY GUNDERSON,
Respondent.

No. 63503

**FILED**

DEC 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court divorce decree dividing community assets, determining child and spousal support, and awarding attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

On appeal, appellant contends that respondent failed to comply with the district court's orders for temporary spousal support and child support, and that the district court improperly directed her to seek employment during the proceedings. Appellant also contends that the district court failed to account for respondent's financial waste and nondisclosure of assets and failed to compel respondent to pay appellant's preliminary attorney fees and obtain a valuation of the parties' jointly owned business.

Our review of the record on appeal indicates that the parties engaged in settlement negotiations in the proceedings below, and entered into four stipulations that resolved the parties' issues. The district court's divorce decree incorporated the terms of these stipulations. Thus, appellant agreed to the resolution on each of these matters concerning support and the division of property, and thus, she waived her right to challenge them on appeal. *See Wolff v. Wolff*, 112 Nev. 1355, 1363-64, 929 P.2d 916, 921 (1996) (recognizing that arguments not presented to the district court are considered waived on appeal); *see also Grisham v.*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40646

*Grisham*, 128 Nev. ___, ___, 289 P.3d 230, 236 (2012) (recognizing that an agreement placed on the record is enforceable). Moreover, the record reflects that appellant was represented by counsel below and we conclude that there was no abuse of discretion as to the award of preliminary fees or subsequent enforcement for payment. *See Sargeant v. Sargeant*, 88 Nev. 223, 227, 495 P.2d 618, 621 (1972); *see also Shydler v. Shydler*, 114 Nev. 192, 196, 954 P.2d 37, 39 (1998) (providing that this court reviews district court decisions concerning divorce proceedings for an abuse of discretion).

Finally, appellant argues that the district court improperly ordered her to amend her complaint to add the third-party co-owners of a business that was one-half community property. Having reviewed the record and considered appellant's arguments, we conclude that appellant has not established that this procedural development prejudiced her, and thus any error was harmless. NRCP 61; *Truckee-Carson Irrigation Dist. v. Wyatt*, 84 Nev. 662, 667-68, 448 P.2d 46, 50 (1968) (explaining that the party asserting error bears the burden of proving that prejudice resulted).[1]

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                                    Saitta

---

[1]Appellant also contends that respondent has not complied with the divorce decree. To the extent appellant seeks enforcement of the divorce decree, that claim should be directed to the district court in the first instance.

cc:    Hon. Jennifer Elliott, District Judge, Family Court Division
Karen Kay Powell Gunderson
Jamie Ray Gunderson
Eighth District Court Clerk